UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                              No. 99-4309

WAYNE LEE BATES,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-86-60)

Submitted: December 22, 1999

Decided: January 13, 2000

Before MURNAGHAN, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas M. Blaylock, Roanoke, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Jennie L. M. Waering, Assistant
United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Wayne Lee Bates filed a motion under 28 U.S.C.A.§ 2255 (West Supp. 1999), challenging, inter alia, his convictions on seven counts of interstate transportation of forged traveler's checks in violation of 18 U.S.C.A. § 2314 (West Supp. 1999). The district court had sentenced Bates to consecutive five-year prison terms on each of these seven convictions, five years on two counts of violating 28 U.S.C. § 2312 (1994), and five years on one count of conspiracy pertaining to the substantive charges, for a total of forty-five years in prison. Finding that the transportation of the seven forged traveler's checks across state lines constituted only a single offense, this court vacated six of the seven counts and remanded for resentencing on the single remaining § 2314 conviction for transporting the seven forged checks. The district court resentenced Bates to ten years in prison, the statutory maximum, for the single § 2314 violation, giving him a total sentence of twenty years in prison. Bates now appeals, claiming that the district court vindictively gave him a higher sentence on the single § 2314 conviction because he successfully challenged his initial conviction. We find no merit to his claim. Consequently, we affirm.

Due process prohibits a district court from vindictively resentencing a defendant for successfully attacking his first conviction. See North Carolina v. Pearce, 395 U.S. 711, 725 (1969). A defendant's resentencing is not considered vindictive where "the ultimate sentence for one or more counts does not exceed that given for all counts sentenced at the conclusion of the first trial." United States v. Gray, 852 F.2d 136, 138 (4th Cir. 1988).

Here, Bates' new sentence for the single conviction of transporting the seven forged checks across state lines is lower than his initial sentence for the seven separate counts of transporting the seven checks across state lines. We find no vindictiveness in Bates' resentencing.

Consequently, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED